**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **FIREFLY GARDENS, LLC,** § | |
| § | |
| **Plaintiff** § | |
| § | **Case No. _____** |
| **v.** § | |
| § | |
| **BORON CAPITAL, LLC, and** § | |
| **DALLAS OASIS, LLC** § | |
| § | |
| **Defendant** | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Firefly Gardens, LLC files its Original Complaint against Defendants Boron Capital, LLC and Dallas Oasis, LLC as follows:

**I.  PARTIES**

1.  Plaintiff Firefly Gardens, LLC ("Firefly Gardens") is a Texas limited liability company with its principal office in Red Oak, Texas.

2.  Defendant Boron Capital, LLC is a Nevada limited liability company with its registered office in Texas at 4630 50th Street, Suite 600, Lubbock, Texas 79414. It may be served with citation by service on its registered agent, Blake Templeton, at 4630 50th Street, Suite 600, Lubbock, Texas or wherever else he may be found.

3.  Defendant Dallas Oasis, LLC is a Texas limited liability company with its registered office in Texas at 412 South Morgan Street, Granbury, Texas 76048. It may be served with citation by service on its registered agent, Universal Registered Agents, Inc., at 823 Congress Avenue, Suite P-4, Austin Texas 78701.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under federal statutes providing protection to Plaintiff's registered copyright.

5. The Court has personal jurisdiction over Defendants because they both maintain registered offices in Texas and transact business in Texas and are thus subject to the Court's exercise of general jurisdiction.

5. Venue is appropriate in the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1391(b)(2) because it is the district and division in which the copyright violation occurred. This is a case involving copyright of an architectural work that is located in the Northern District of Texas, Dallas Division and the infringing architectural work is also located in the Northern District of Texas, Dallas Division.

## III. FACTUAL BACKGROUND

6. This lawsuit arises out of the willful infringement of a registered copyright of a distinctive architectural work located in Midlothian, Ellis County, Texas. The infringing architectural work is under construction in nearby Red Oak, Ellis County, Texas.

7. Firefly Gardens owns and operates a wedding venue in Midlothian, Texas that has been in business since 2017. Firefly Gardens hired Eyncon Engineering to draft the architectural plans that incorporated Firefly Gardens' vision of a venue with a distinctive Wall of Windows that provides am appealing visual backdrop for wedding ceremonies. The Wall of Windows is a key selling point for the venue and it has been a favorite feature of clients who have booked Firefly Gardens for their wedding. The following are pictures of the Firefly Gardens' wedding hall that feature the Wall of Windows:







8. The Wall of Windows is a favored backdrop for wedding photos. Couples select Firefly Gardens as a venue because of the impressive photo opportunities. The following are just a few examples of how couples use the Wall of Windows for their wedding photos.




 

Firefly Gardens' Wall of Windows is a key selling point for the venue and helps attract weddings and other events to the venue.  It is an important aspect of Firefly Gardens' business and is a significant factor in the success of Firefly Gardens as a wedding and event venue.

9. Given the importance of the aesthetic appeal of the wedding hall and its distinctive Wall of Windows, Firefly Gardens entered into an agreement to obtain the copyright to the wedding hall design, which copyright was registered to Firefly Gardens under Registration No. VA002171722, with September 13, 2019 as the effective date of registration.

10. In 2019, Firefly Gardens learned of a planned wedding venue called Dallas Oasis in Red Oak, Ellis County, Texas that is just a short drive from the Firefly Gardens wedding venue. The Dallas Oasis website contains architectural renderings of a planned wedding venue with a "Grand Ballroom" that copies the Wall of Windows from Firefly Gardens and features it as a backdrop for wedding ceremonies.  The following are some of the architectural renderings of the planned Grand Ballroom at the Dallas Oasis:







11. A side-by-side comparison of Firefly Gardens' Wall of Windows to the Dallas Oasis Grand Ballroom shows the extent to which Defendants copied the Firefly Gardens Wall of Windows:

**Firefly Gardens**              **Dallas Oasis**






12. The Dallas Oasis is under construction on land owned by Defendant Boron Capital, LLC on S. Lowrance Road in Red Oak, Texas.  Boron Capital, LLC is the manager of Defendant Dallas Oasis, LLC.  Boron Capital and Dallas Oasis have acted in concert to infringe Firefly Gardens' copyright by planning, marketing and constructing a wedding venue that clearly replicates Firefly Gardens' copyrighted architectural work.

13. Dallas Oasis is located less than 15 miles and less than 20 minutes from Firefly Gardens. Given its close proximity to Firefly Gardens and with its mimicry of a key architectural feature of Firefly Gardens, Dallas Oasis is positioned to cause economic harm to Firefly Gardens by drawing clients who are attracted to the distinctive setting that Firefly Gardens provides. In fact, although Dallas Oasis' infringing facility is still under construction, some clients of Firefly Gardens have cancelled their events and moved their booking to Dallas Oasis. Thus, Firefly Gardens will suffer actual economic harm due to Defendants' infringement of Firefly Gardens' registered copyright.

14. As Defendants began marketing the planned Dallas Oasis wedding venue on social media and through its website, Firefly Gardens presented written notice to Dallas Oasis, LLC of Firefly Garden's registered copyright and demanded that Dallas Oasis not proceed with its planned construction of a wedding venue that replicated Firefly Gardens' copyrighted architectural work. However, Defendants ignored the notice and demand provided by Firefly Gardens and have proceeded with the construction of their infringing work. Accordingly, Firefly Gardens now seeks to enforce its copyright through injunctive relief and the recovery of damages.

**IV.   CAUSE OF ACTION UNDER THE FEDERAL COPYRIGHT ACT FOR COPYRIGHT INFRINGEMENT**

15. Firefly Gardens adopts and incorporates by reference the allegations in Paragraphs 6-14 herein.

16. The Firefly Gardens wedding hall with its Wall of Windows is an architectural work as defined in 17 U.S.C. § 101. An architectural work includes a building's "overall form as well as the arrangement and composition of spaces and elements in the design." See 17 U.S.C. § 101 (defining architectural work). Firefly Gardens has a registered copyright for its wedding hall under Registration No. VA002171722, with September 13, 2019 as the effective date of registration.

Thus, Firefly Gardens is authorized under 17 U.S.C. § 411 to maintain this infringement action and, pursuant to 17 U.S.C. § 412, is entitled to all remedies available for Defendants' infringement of Firefly Gardens' copyright.

17. Firefly Gardens has the exclusive rights to its copyrighted architectural work subject only to limitations set forth in 17 U.S.C. § 120, which limitations are not implicated in the facts of this case.  Defendants have infringed on those rights by: 1) copying the key distinctive elements of the Firefly Gardens wedding hall; 2) publishing its infringing design to attract business to its planned wedding venue in direct competition with Firefly Gardens; and 3) proceeding to construct its wedding venue that incorporates Firefly Gardens' copyrighted design elements.

18. Firefly Gardens is entitled to both injunctive relief and damages under the Copyright Act.  Firefly Gardens seeks preliminary injunctive relief barring Defendants from any marketing of the Dallas Oasis facility that: 1) uses imagery that replicates or mimics the Firefly Gardens Wall of Windows; or 2) uses any architectural work under construction that replicates or mimics the Firefly Gardens Wall of Windows.  To be clear, the preliminary injunctive relief requested herein does not seek to enjoin ongoing construction activities, but only Defendants' use of a replica of Firefly Gardens' Wall of Windows, whether in architectural renderings or actual construction - to market the Dallas Oasis.  In this manner, the requested preliminary injunction is narrowly tailored to prevent Defendants' infringing marketing activities that would cause Firefly Gardens harm during the pendency of the case that would be difficult to quantify.  However, to be equally clear about the permanent injunctive relief that Firefly Gardens requests upon final hearing of this matter, Firefly Gardens hereby requests a permanent injunction that precludes Defendants from replicating or mimicking Firefly Gardens' copyrighted design in any architectural work.

19. In support of its claim for preliminary injunctive relief, Firefly Gardens is likely to succeed on the merits because Defendants have clearly infringed upon Firefly Gardens' copyrighted architectural work as outlined above. At this juncture, Firefly Gardens will suffer irreparable injury absent injunctive relief because Firefly Garden's exclusive property rights to its architectural work are currently being infringed and it is notoriously difficult to prove the loss of sales due to infringement. Thus, damages will be an imperfect and inadequate remedy upon a final trial. Moreover, impact of the limited preliminary injunctive relief on Defendants will be minimal because it will merely require Defendants to refrain from using any replication or mimicry of Firefly Gardens' copyrighted design in their marketing activities while the case is pending. Moreover, the public interest would be best served by affording protection to valid registered copyrights. The public interest certainly would not be harmed by a preliminary injunction that limits the use of copyrighted designs to market a wedding venue that is still under construction.

## V. PRAYER FOR RELIEF

20. Firefly Gardens adopts and incorporates by reference the allegations in Paragraphs 6-14 herein.

21. On account of Defendants' copyright infringement, Plaintiff respectfully requests that the Court award the following relief:

   a. money damages for Plaintiffs' actual damages and the disgorgement of Defendants' profits as permitted under 17 U.S.C. § 504(b).

   b. Alternatively, pursuant to 17 U.S.C. § 504(c), statutory damages in a sum not less than $750 or more than $30,000 as the court considers just, or statutory damages in an amount not more than $150,000 because Defendant's infringement was committed willfully.

c. Plaintiff's costs and attorney's fees pursuant to 17 U.S.C. § 505.

d. A preliminary injunction and permanent injunction pursuant to 17 U.S.C. § 502 sd requested herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Firefly Gardens, LLC respectfully requests that Defendants Boron Capital, LLC and Dallas Oasis, LLC be cited to appear and answer herein, and that Plaintiff be awarded damages and injunctive relief as requested herein, and all such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GUS & GILBERT LAW FIRM
A PROFESSIONAL CORPORATION**

/s/ *Dan Gus*
**DAN GUS**
State Bar No. 24007288
dan@gus-gilbert.com
**AMOS D. PETTIS**
State Bar No. 24027730
amos@gus-gilbert.com
209 E. Main Street
Waxahachie, Texas 75165
Telephone: (972) 330-2775
Fax: (214) 960-4140

**ATTORNEYS FOR FIREFLY GARDENS, LLC**