IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FIREFLY GARDENS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 3:20-cv-02496-M |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| **BORON CAPITAL, LLC, and** | § | |
| **DALLAS OASIS, LLC,** | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' AMENDED MOTION TO DISMISS**

Plaintiff Firefly Gardens, LLC ("Plaintiff") files its Brief in Opposition to Defendants' Amended Motion to Dismiss (the "Motion") as follows:

### I.   INTRODUCTION

The Court should deny Defendants' 12(b)(6) Motion because reasonable jurors could conclude a substantial similarity of ideas and expression exist between Plaintiff's Wedding Barn and Defendants' wedding venue. A side by side comparison must be made between the original and the copy to determine whether a layman would view the two works as substantially similar. *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997). A determination that no substantial similarity exists as a matter of law is appropriate only in the rare circumstance where the court concludes, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 142 (5th Cir. 2004) (citing *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 395 (5th Cir. 2001)). But typically, determinations of substantial similarity are reserved for the factfinder, which is why the Court should deny Defendants' motion.

Defendants err by inviting the Court to dwell on subtle differences between the venues rather than focusing on the substantial similarities. Defendants' approach is contrary to copyright law as well as Rule 12 practice which requires that the alleged facts be taken as true and viewed in the light most favorable to the Plaintiff. Defendants' Motion accentuates the slight differences and ignores the striking similarities between the venues in its attempt to prove no substantial similarity as a matter of law. This approach is legally misguided. *See*, *e.g.*, *Peel & Co.*, 238 F.3d at 397 (reversing summary judgment in favor of alleged copyright infringer because district court erroneously focused on the differences between the two designs instead of their similarities); *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 387 (5th Cir. 1984) ("Plaintiffs contend that this dissected form of analysis was incorrect, and we agree."). A substantial similarity analysis does not permit isolating subtle differences in design elements and fixtures, but instead demands consideration of whether the combined elements of the two works, when "taken as a whole," are substantially similar so as to constitute actionable infringement. *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1347 (5th Cir. 1994). As summarized below, Plaintiff's Amended Complaint properly focuses on the substantial similarities between the two venues' central halls, which are both complimented by adjacent patios and annexes that include the same organization of unique design elements.

|    | **FIREFLY GARDENS** | **DALLAS OASIS** |
|----|---------------------|------------------|
| 1. | Rectangular center hall with gabled walls at each end. | Rectangular center hall with gabled walls at each end. |
| 2. | Gabled wall of windows for wedding backdrop. | Gabled wall of windows for wedding backdrop. |
| 3. | Gabled wall of windows with three rows and seven columns of windows. | Gabled wall of windows with three rows and seven columns of windows. |
| 4. | In the wall of windows, the bottom row of windows consists of rectangular windows. | In the wall of windows, the bottom row of windows consists of rectangular windows. |
| 5. | In the wall of windows, the middle row of windows consists of square windows. | In the wall of windows, the middle row of windows consists of square windows. |

| 6. | In the wall of windows, the top row of windows consists of angled windows with a pentagon shape in the center column. | In the wall of windows, the top row of windows consists of angled windows with a pentagon shape in the center column. |
|---|---|---|
| 7. | Each window in the wall of windows comes together to form one large pentagon shape. | Each window in the wall of windows comes together to form one large pentagon shape. |
| 8. | Each row and column of windows have grid-like uniform structural separation. | Each row and column of windows have grid-like uniform structural separation. |
| 9. | Has a covered side patio accessible through multiple double glass doors off the center wedding hall, with each set of doors capped with double transom windows. | Has a covered side patio accessible through multiple double glass doors off the center wedding hall, with each set of doors capped with double transom windows. |
| 10. | Has a side annex opposite the patio. | Has a side annex opposite the patio. |
| 11. | Has exposed ceiling beams in center hall. | Has exposed ceiling beams in center hall. |
| 12. | Has multiple chandeliers down the center. | Has multiple chandeliers down the center. |
| 13. | Pure white exterior with no accent colors. | Pure white exteriors with no accent colors. |

Given these key aesthetic similarities, the competing wedding venues are not so dissimilar, after viewing the allegations and drawing inferences in a manner most favorable to Plaintiff, that the Court can conclude as a matter of law that no reasonable juror could find substantial similarity of ideas and expression between the two wedding venues. As such, Plaintiff has adequately pled copyright infringement and Defendants' Motion must be denied.

## II.   ARGUMENT AND AUTHORITIES

### A.   Motion to Dismiss Standard

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's copyright claim[1] should be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss under Federal Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Jones v. Tubal-Cain Hydraulic Sols., Inc.*, No. 4:16-CV-01282, 2017 WL 1177995, at *2 (S.D. Tex. Mar. 30, 2017) (Harmon, J.) (citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The "complaint must be liberally construed in

---

[1] Plaintiff does not contest Defendants' Motion regarding the state law unfair competition claim as it intends to seek leave to amend its Complaint to assert trade dress infringement and unfair competition under the Lanham Act. *See Sparrow Barns & Events, LLC v. Ruth Farm Inc.,* No. 4:19-cv-00067, 2019 WL 1560442 (granting injunctive relief for trade dress infringement between two wedding venues).

favor of the plaintiff," and "all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true." *Id.* (citing *Overton v. JPMC Chase Bank*, No. H-09-3690, 2010 WL 1141417, at *1 (S.D. Tex. Mar. 20, 2010)). If a court decides a plaintiff's complaint does fail to state a claim, it should generally give the plaintiff at least one chance to replead before dismissing the action with prejudice. *Reyes v. Rite-Way Janitorial Serv., Inc.*, H-15-0847, 2015 WL 5565882, at *2 (S.D. Tex. Sept. 21, 2015).

**B.     Plaintiff Sufficiently Pleads Copyright Infringement.**

To state a federal claim of copyright infringement under 17 U.S.C. § 101, *et seq.*, a plaintiff must allege (1) that it owns a valid copyright and (2) that a defendant copied original, copyrightable elements of the work. *See MGE UPS Systems, Inc. v. Fakouri Elec. Engineering, Inc.*, 422 F. Supp. 2d 724, 733 (N.D. Tex. 2006) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Gen. Universal Sys., Inc.*, 379 F.3d at 141). Plaintiff alleges a valid copyright in Plaintiff's "Wedding Barn," which is not challenged by Defendants.

The copying element requires: "(1) factual copying and (2) substantial similarity." *Michael Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (quotation marks omitted). Plaintiff shows factual copying by inference from proof of access to the copyrighted work and probative similarity between the two works. *Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 368 (5th Cir. 2004). Plaintiff alleged factual copying by showing that Michelle Randall, an event coordinator, had prepared a video tour of Firefly Gardens that she posted to her website.  After being denied employment at Firefly Gardens, she then went to work for Dallas Oasis and was directly involved in the planning and design of its wedding venue that is still under construction and which exhibits probative similarity to Firefly Gardens.  [Dkt No. 13,

pp. 9-12]. Defendants do not challenge the sufficiency of Plaintiff's factual copying allegations but focus their Motion only on the issue of substantial similarity.

While Defendants argue that the buildings when compared in their entireties are not substantially similar, the Defendants' "substantial similarity" analysis involves myopic focus on subtle differences in features and fixtures rather than evaluate whether an ordinary layman could reasonably perceive that the wedding halls are substantially similar. To be substantially similar, "the copyrighted expressions in the two works [must be] sufficiently alike that the copyright to the original work has been infringed." *Id*. In other words, from the prospective of a "layman" or "ordinary observer," "the copy must bear a substantial similarity to the protected aspects of the original." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (quoting *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 398 (5th Cir. 2001)). The law states that a substantial similarity analysis is measured by comparing the works **as a whole**. *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1347 (5th Cir. 1994). When Plaintiff's Wedding Barn and Defendants' wedding venue are compared as a whole, a layman could view the two wedding halls as substantially similar.



The venues are substantially similar as a whole because they both are large white barn-like structures including: a rectangular center hall with gabled walls at each end, a gabled wall of windows containing three rows and seven columns of windows. Both wall of windows, have a bottom row of windows consisting of rectangular windows, a middle row consisting of square windows, and a top row consisting of angled windows with a pentagon shape in the center column. In both venues, each window in the wall of windows comes together to form one large pentagon shape and each row and column of windows have grid like uniform structural separation.  Both venues have a covered side patio with multiple double glass doors off the center wedding hall that are each capped with corresponding double transom windows. Both venues have a side annex opposite the patio, exposed ceiling beams in center hall, and multiple chandeliers down the center. Minor differences between the venues, such as shade of roof color and cupolas on one roof, cannot outweigh these substantial similarities.

## C.  Defendants' Principal Authorities are Either Inapposite or Do Not Support Defendants' Arguments.

Defendants principally rely upon the *Lennar Homes* case to argue that the subtle differences between the features and finishes of the two venues preclude a claim of copyright infringement as a matter of law.  CITE. *Lennar Homes* is both legally and factually inapposite. The outcome in *Lennar Homes* was based on the Court's distinction between works that are entitled to "broad" copyright protection versus "thin" copyright protection.  The following excerpt expresses the doctrinal basis for the Court's ultimate conclusion that the plaintiff had failed to prove copyright infringement with respect to competing residential designs:

> More generally, limitations imposed by traditional copyright doctrines—such as idea/expression dichotomy and *scènes-à-faire*—apply to architectural works as well.  No author may copyright facts or ideas, only the expression of those facts and ideas.  Such expression is protectable, as long as that expression is original and not dictated by the underlying idea. The guiding consideration in drawing the line

> between an idea and its expression is the preservation of the balance between competition and protection reflected in the patent and copyright laws. Therefore, when an idea can be expressed in very few ways, copyright law does not protect that expression, because doing so would confer a de facto monopoly over the idea. In such cases idea and expression are said to be merged. Similarly, the *scènes-à-faire* doctrine excludes from protection expressions that are standard, stock or common to a particular subject matter or are dictated by external factors, including "industry demand and practice.
>
> Although a work may be copyrightable as a whole, the scope of protection afforded that work varies in proportion to the amount of the author's original contribution. Many copyrights represent significant creative effort, and are therefore reasonably robust, whereas others reflect only scant creativity. More similarity is required when less protectible matter is at issue.  Thus, the scope of copyright protection is a sliding scale that changes with the availability of expressions for a given idea.
>
> If there's a wide range of expression (for example, there are gazillions of ways to make an aliens-attack movie), then copyright protection is "broad" and a work will infringe if it's "substantially similar" to the copyrighted work. If there's only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), then copyright protection is "thin" and a work must be "virtually identical" to infringe.
>
> This heightened showing is necessary because, as idea and expression merge, fewer and fewer aspects of a work embody a unique and creative expression of the idea; a copyright holder must then prove substantial similarity to those few aspects of the work that are expression not required by the idea.
>
> Similarly, the law is more protective of highly original and highly expressive works than it is of functional and nonfiction works.  To the extent that a work is highly functional or comprised of highly standardized elements it may lie very near the line of uncopyrightability.  Copyright protection in such works is thin.  Where the quantum of originality is slight and the resulting copyright is 'thin,' infringement will be established only by very close copying because the majority of the work is unprotectable.

*Lennar Homes*, 117 F. Supp.3d at 934-935.

The Court concluded in *Lennar Homes* that consumer expectations, functional requirements, lot sizes and other similar factors constrained the amount of creativity that could be brought to bear in preparing the townhome designs at issue in that case. *Lennar Homes*, 117 F. Supp.3d at 944-946. Accordingly, the Court concluded that there were few protectable elements

in Lennar's designs, such that they were entitled to only thin copyright protection, which permitted a more myopic focus on subtle differences between the designs rather than focus on overall similarities that were dictated by the external factors that constrained original, creative expression. *Id*. Since there were several meaningful differences with respect to individual elements and features that were not purely functional, the Court found that there was no infringement under the thin copyright protection that was afforded Lennar's designs that were principally based on functional constraints rather than creative expression. *Id.*

This is not a case of "thin" copyright protection where subtle differences can defeat Plaintiff's claim of copyright infringement. This case involves an original wedding venue, the design of which was not dictated by external functional necessities but involved unconstrained creative expression that is entitled to broad protection. Accordingly, unlike the plaintiff in *Lennar Homes*, Plaintiff is not required to plead that the two wedding venues are virtually identical in order to allege actionable copyright infringement. Likewise, Defendants cannot defeat Plaintiff's infringement claim with arguments that subtle differences in individual features and finishes preclude any possibility that jurors can reasonably conclude that the two venues are substantially similar. Indeed, to prevail on its motion with its reliance on *Lennar Homes*, Defendants would have to have shown as a matter of law that the substantial similarities between the two venues were perfunctory execution of functional necessity, while the minor differences highlighted by Defendants were the only features subject to true, creative expression. Defendants cannot meet this burden, particularly in the context of a Rule 12(b)(6) motion to dismiss.

Defendants' reliance on *Home Design* is similarly misplaced. In *Home Design*, because plaintiff's floorplans were drawn in a customary style and subject to industry standards, which often control room placement and features, it only took slight differences in defendant's

floorplan to avoid copyright infringement. *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314 (11th Cir. 2016). Like *Lennar*, *Home Design* is also factually and legally inapposite. The same is true in *Zalewski* where defendant's home designs were close, but not identical to plaintiff's home designs, so no copyright infringement was found. *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95 (2nd Cir. 2014). *Buttner* is also factually inapposite to this case. In *Buttner*, plaintiff's architectural plans were used by defendant to draft a new set of plans that only differed slightly from the Buttner plans. *Buttner v. RD Palmer Enters., Inc.*, No. 5:13-cv-0342, 2015 WL 1472084 at *21 (N.D.N.Y. Mar. 31, 2015). The alleged infringing design involved similar elements but created a different overall impression as a whole.

**WHEREFORE, PREMISES CONSIDERED,** Defendants' wedding venue contains similar elements and creates the same overall impression as Plaintiff's wedding venue. The combined elements of two works, when taken as a whole, are substantially similar. As such, Plaintiff has sufficiently plead copyright infringement. Therefore, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

    Respectfully submitted,

    **GUS & GILBERT LAW FIRM**
    **A PROFESSIONAL CORPORATION**
    */s/ Dan Gus*
    **DAN GUS**
    State Bar No. 24007288
    dan@gus-gilbert.com
    **KRYSTAL MCCOOL**
    State Bar No. 24082185
    krystal@gus-gilbert.com
    209 E. Main Street
    Waxahachie, Texas 75165
    Telephone: (972) 330-2775
    Fax: (214) 960-4140

    **ATTORNEYS FOR PLAINTIFF**
    **FIREFLY GARDENS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 9, 2020, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the Court's electronic case filing system. That system sends a "Notice of Electronic Filing" to all counsel who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Dan Gus*
Dan Gus